UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

HARVEST MEAT COMPANY,

        Plaintiff,

v.                                              Case No. 05-2122-KHV

ROBERTS DAIRY COMPANY,

        Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

        This matter comes before the court upon Plaintiff Harvest Meat Company's Motion to Compel (Doc. 33). Defendant Roberts Dairy Company filed a timely response to Plaintiff's motion (Doc. 35) to which Plaintiff has replied (Doc. 38). The court therefore deems this motion ripe for disposition.

## I.    Relevant Factual Background

        Plaintiff Harvest Meat Company filed its complaint in United States District Court for the District of Kansas on March 28, 2005. In its complaint, Plaintiff alleges that Defendant wrongfully breached a lease agreement between the parties.[1] In the lease agreement at issue, Defendant Roberts Dairy Company agreed to lease warehouse space from Plaintiff Harvest Meat Company for five years, commencing in 2001.[2] Plaintiff alleges that in September 2004, Defendant wrongfully abandoned the warehouse and refused to pay rent to the Plaintiff. As an affirmative defense to its breach, Defendant Roberts Dairy Company invoked the language of a termination clause in the parties' lease agreement

---

[1]Plaintiff's Complaint (Doc. 1) at 5.

[2]*Id.* at 4.

which reads in pertinent part:

> In the event the LESSEE is unable to reach satisfactory employee agreements, and this specific event causes the LESSEE to close their business[,] [t]he LESSEE has the option to terminate the lease on the 3rd (third) anniversary date, by providing the LESSOR with notice and a 6-month termination period[...] [i]n which the LESSEE will be liable for all terms of the lease (including rent payments) for a period of 6 months after 3rd anniversary date of the lease agreement.  This option expires after the 3rd anniversary date of the lease agreement.[3]

This language is at the heart of the parties' dispute.

## II.      Parties' Contentions

In Plaintiff's Motion to Compel (Doc. 33), Plaintiff requests that the court compel Defendant to produce documents that are responsive to Plaintiff's Second Set of Requests for Production of Documents Nos. Request Nos. 2, 3, and 5, and Plaintiff's Third Set of Requests for Production of Documents Nos. 1, 2, and 3.  Specifically, Plaintiff is seeking Defendant's profit and loss statements, financial statements, interim financial statements, and tax returns from approximately 1999-Present.

Defendant Roberts Dairy Company ("Roberts") objects to each request on the basis of relevancy.  Specifically, Defendant contends that the Plaintiff has "not met the burden of showing relevancy" of the requested discovery.  Defendant Roberts further contends that financial information on Roberts Dairy Company is not relevant because in order to invoke the termination clause in the lease, "Roberts has to show that the inability to reach satisfactory employee agreements cause Roberts to close the Argentine Warehouse only, not its entire business operation."[4]  Further, Roberts states that it

---

[3]*Id.* at 2-3.

[4]Defendant's Brief in Opposition to Plaintiff's Motion to Compel (Doc. 35) at 2.

2

is undisputed that Roberts as a company remains in business, and therefore, "[T]he financial information sought is not probative of any issue in the case."[5]

In its Reply, Plaintiff contends that the "plain language of the lease" states that the termination clause may only be invoked if Roberts' inability to reach satisfactory employment agreements causes the close of Roberts Dairy Company's business, not just its business at the Argentine facility. Additionally, Roberts contends that the documents will show that no dire financial condition caused Roberts to close its business at the Argentine warehouse and terminate its lease with Harvest.

## III.   Discussion

### A.   Certification

As an initial matter, the court considers whether Plaintiff has satisfied the good faith certification requirement.  Fed. R. Civ. P. 37(a)(2)(B) requires that a motion seeking an order to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure."[6]  In addition, D. Kan. R. 37.2 states that "[e]very certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes shall describe with particularity the steps taken by all counsel to resolve the issues in dispute."[7]

---

[5]*Id.*

[6] Fed. R. Civ. P. 37(a)(2)(B).

[7] D. Kan. R. 37.2.  "A 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party.  It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."  *Id*.

Plaintiff has included in its Motion to Compel a certification pursuant to Fed. R. Civ. P. 26(c) and 37.  The court finds that Plaintiff's certifications contain particularized facts that sufficiently describe and identify the steps taken by the parties to resolve this discovery dispute.  As a result, the court finds that the certification requirement has been met as to Plaintiff's Motion to Compel.

## B.    Discovery Standards

The scope of discovery is governed by Fed. R. Civ. P. 26(b), which provides that

> [p]arties may obtain discovery of any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.[8]

"Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[9]  The decision to grant a motion to compel is a matter of discretion for the court.[10]  The court will now address Defendant Roberts' objections to Plaintiff's Requests for Production of Documents.

## C.    Relevancy Objections

In its Second and Third Requests for Production of Documents, Plaintiff Harvest Meat Company is seeking (1)  Roberts' profit and loss statements from 1999-Present; (2)  Roberts' financial statements from 1999-Present; (3)  Roberts' tax returns from 1999-Present; (4) Robert's Financial

---

[8] Fed. R. Civ. P. 26(b)(1).

[9] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 2004 U.S. Dist. LEXIS 6220, at *6 (D. Kan. Apr. 8, 2004) (quoting *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003)).

[10] *Martinez v. Schock Transfer & Warehouse Co.*, 789 F.2d 848, 850 (10th Cir. 1986).

Statements for the years ended September 2002, September 2003 and September 2004; (5)  Roberts'

interim financial statements for the periods ended December 31, 2004, March 31, 2005, and June 30,

2005; and (6) Robert's Tax Returns for the years 2002, 2003, 2004, and 2005.[11]  Defendant Roberts

objected to all of these requests on the basis of relevancy.

 "When the discovery sought appears relevant, the party resisting the discovery has the burden

to establish the lack of relevance by demonstrating that the requested discovery (1) does not come

within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal

relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in

favor of broad discovery."[12]  When relevancy is *not* readily apparent, however, the party seeking

discovery has the burden of showing the relevancy of the discovery request.[13]  A request for discovery

should ordinarily be allowed unless it is clear that the information sought can have no possible bearing

on the subject matter of the action.[14]

### 1. Defendant's Profit and Loss Statements – Plaintiff's Second Request for Production of Documents No. 2.

 Upon a review of the record, the court finds that the relevancy of Defendant's profit and loss

statements *is* readily apparent.  As already discussed, "Relevancy is broadly construed, and a

---

[11]*See* Plaintiff's Second Request for Production of Documents Nos. 2, 3, and 5 (Attached as an Exhibit to Doc. 33); *See also* Plaintiff's Third Request for Production of Documents Nos. 1, 2, and 3 (Attached as an Exhibit to Doc. 33).

[12] *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2004).

[13]*Pulsecard, Inc. v. Discover Card Services*, 168 F.R.D. 295, 309 (D. Kan. 1996) (citing *Evello Invs. N.V. v. Printed Media Servs.,* 1995 U.S. Dist. LEXIS 4069).

[14]*Id.*

request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[15]  The court declines at this stage in the litigation to interpret the language of the termination clause itself; however, the court does find that Plaintiff Harvest's requested discovery appears relevant under Plaintiff Harvest Meat Company's theory of interpretation of the termination clause.  Under Plaintiff Harvest Meat Company's interpretation of the clause, Robert's financial information, including profit and loss statements, would be relevant as to whether Roberts is forced to close its business due to an inability to reach satisfactory employee agreements.

Moreover, even under Defendant Roberts' theory of interpretation of the clause (i.e. that the phrase "close its business" refers only to business at the Argentine facility and not Roberts' entire business) the court finds that Defendant's profit and loss statements still appear relevant.  The court finds that Defendant Roberts, as a parent company to the Argentine facility, would likely have meaningful financial information on the Argentine facility at issue that may be contained in Roberts' own profit and loss statements.

Therefore, in construing Plaintiff's requests for discovery broadly, the court finds the relevancy of Defendant's profit and loss statements are readily apparent and that there is a possibility that Roberts' profit and loss statements would be relevant to claim or defense of either party.[16]  Because the

---

[15] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 2004 U.S. Dist. LEXIS 6220, at *6 (D. Kan. Apr. 8, 2004) (quoting *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003)).

[16]*See Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2004); *See also Sonnino v. Univ. of Kan. Hosp. Auth.*, 2004 U.S. Dist. LEXIS 6220, at *6 (D. Kan. Apr. 8, 2004) (citations omitted)("Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim

court finds Plaintiff's requested discovery carries a relevancy that is readily apparent, the burden falls on Defendant Roberts to demonstrate a lack of relevancy under Fed. R. Civ. P. 26(b)(1) or to show that Plaintiff's requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery.[17]  The court finds that Defendant Roberts has not carried its burden in this instance, and as a result, finds Plaintiff's requested discovery properly discoverable and will order Defendant Roberts to produce its profit and loss statements consistent with Plaintiff's Second Request for Production of Documents No. 2.

> **2.    Defendant's Financial Statements and Interim Financial Statements – Plaintiff's Second Request for Production of Documents No. 3 and Plaintiff's Third Request for Production of Documents Nos. 1 and 2.**

For the reasons already set forth above and upon a review of the record, the court finds that the relevancy of Defendant's Financial Statements and Interim Financial Statements is readily apparent to both Plaintiff's and Defendant's theory of the case.  Because the court finds Plaintiff's requested discovery carries a relevancy that is readily apparent, the burden falls on Defendant Roberts to demonstrate a lack of relevancy under Fed. R. Civ. P. 26(b)(1) or to show that Plaintiff's requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery.[18]  The court finds that Defendant

---

or defense of any party.").

[17]*Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2004).

[18]*Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2004).

Roberts has not carried its burden in this instance, and as a result, finds Plaintiff's requested discovery

properly discoverable and will order Defendant Roberts to produce its Financial Statements and

Interim Financial Statements consistent with Plaintiff's Second Request for Production of Documents

No. 3 and Plaintiff's Third Request for Production of Documents Nos. 1 and 2.

### 3.   Defendant's Tax Returns – Plaintiff's Second Request for Production of Documents No. 5 and Plaintiff's Third Request for Production of Documents No. 3

The court generally disfavors disclosures of tax returns.[19]  Before the court will order

production of tax returns, a two-prong test must be met.[20]  First, the information found in the returns

should be relevant to the subject matter of the litigation, and second, the court must find that there is a

compelling need for the returns because the information contained therein is not otherwise readily

obtainable from other sources.[21]  Once the party seeking production has shown relevancy, the burden

then shifts to the party opposing production to show that other sources exist from which the information

is readily obtainable.[22]

The court finds, as already discussed above, that information contained in Defendant's tax

returns would be relevant to either Plaintiff's or Defendant's theory of its case.   The court further finds

that Defendant has failed to provide sufficient evidence to establish that the information found in the

---

[19]*Ratts v. Board of County Comm'rs*, 1999 U.S. Dist. LEXIS 16405 at *6 (D. Kan. Sept. 30, 1999).

[20]*Id.*

[21]*Id* at *6-*7 (citing *Audiotext Communications Network, Inc. v. U.S. Telecom, Inc.*, 1995 U.S. Dist. LEXIS 15416 (D. Kan., Oct. 5, 1995)(internal citations omitted).

[22]*See* Audiotext, 1995 U.S. Dist. LEXIS at *35.

returns is readily available from other sources.[23]  Therefore, the court will order Defendant Roberts to

produce its tax returns consistent with Plaintiff's Second Request for Production of Documents No. 5

and Plaintiff's Third Request for Production of Documents No. 3 with one exception discussed below.

In Plaintiff's Third Request for Production of Documents Request No. 3 (Attached as an

Exhibit to Doc. 33), Plaintiff seeks "Tax returns for Roberts Dairy...for the years 2002, 2003, 2004,

and *2005*" (emphasis added).  The court notes that Plaintiff's Request for Roberts' 2005 tax return is

premature, and will thus deny Plaintiff's Request to that extent.

### D.      Sanctions

Finally, Federal Rule of Civil Procedure 37(a)(4)(A) provides:

> If a motion to compel is granted . . . , the court *shall*, after affording an opportunity to
> be heard, require the party . . . whose conduct necessitated the motion or the party or
> attorney advising such conduct or both of them to pay to the moving party the
> reasonable expenses incurred in making the motion, including attorney's fees, unless the
> court finds that the motion was filed without movant's first making a good faith effort to
> obtain the disclosure or discovery without court action, or that the opposing party's
> nondisclosure, response, or objection was substantially justified, or that other
> circumstances make an award of expenses unjust. (emphasis added).

Fed. R. Civ. P. 37(a)(4)(C) "allows a court to impose sanctions where, as here, a motion to compel is

granted in part and denied in part.  Under that rule, the court *may* 'apportion the reasonable expenses

incurred in relation to the motion among the parties and persons in a just manner.'"[24]   Therefore, the

court will direct the Plaintiff to submit a verified accounting of its fees pertaining to the instant Motion to

Compel and will direct the Defendant to Show Cause why fees should not be assessed as a result of the

---

[23]*See* Ratts, 1999 U.S. Dist. LEXIS at *7; *See also* Audiotext, 1995 U.S. Dist. LEXIS at *35.

[24] *Stoldt v. Centurion Indus.*, No. 03-2634, 2005 U.S. Dist. LEXIS 2343, at *26 (D. Kan.
2005) (quoting Fed. R. Civ. P. 37(a)(4)(C)).

instant Motion to Compel.

**IT IS THEREFORE ORDERED:**

(1)    That Plaintiff's Motion to Compel (Doc. 33) is granted in part and denied in part.

(2)    Defendant shall produce to Plaintiff all documents consistent with this order concerning Plaintiff's Second Request for Production of Documents Nos. 2, 3 and 5 on or before **December 30, 2005.**

(3)    Defendant shall produce to Plaintiff all documents consistent with this order concerning Plaintiff's Third Request for Production of Documents Nos. 1, 2, and 3 on or before **December 30, 2005**.

(4)     Plaintiff's Third Request for Production of Documents No. 3, concerning Plaintiff's request for Defendant Roberts' 2005 tax return, is hereby denied as premature.

(5)    Plaintiff shall submit to the court, by **December 30, 2005**, a verified accounting of the reasonable fees and expenses (by date, time, and category) for which it seeks recovery as a result of the instant Motion to Compel.

(6)    Defendant's counsel shall **SHOW CAUSE** to the court, in writing, on or before **December 30, 2005,** why defendant and/or defendant's counsel should not be taxed with plaintiff's reasonable attorneys' fees and expenses in filing the instant Motion to Compel.

**IT IS SO ORDERED.**

Dated this 19th day of December, 2005, at Topeka, Kansas.

<u>s/ K. Gary Sebelius</u>

K. Gary Sebelius
U.S. Magistrate Judge